UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


KYRON S. BRYSON and
DONALD T. STUBBLEFIELD, JR.,

     Plaintiffs,

v.                                                       4:09-cv-32

LINCOLN COUNTY JAIL,
MURRAY BLACKWELDER,
ROBERT ROWE,
LINCOLN COUNTY JAIL STAFF, and
LINCOLN COUNTY JAIL MEDICAL STAFF,

     Defendants.


## MEMORANDUM AND ORDER

This is a *pro se* prisoners' civil rights complaint under 42 U.S.C. § 1983. Because the plaintiffs did not pay the $350.00 filing fee nor submit an application to proceed *in forma pauperis*, each plaintiff was given thirty days to pay the filing fee or to submit the proper documents to proceed *in forma pauperis*. Plaintiffs have now submitted their applications to proceed *in forma pauperis*. It appears from the applications that the plaintiffs lack sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b), plaintiffs will be allowed to proceed without the prepayment of costs or fees or security therefore. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiffs are confined in the Lincoln County Jail. As their statement of claim, plaintiffs stated the following: "This is Part of a Class action Law Suite Case on going case No. file No. 409-CV-08 This Case Was filed on Jan 29th at 142 PM/Magistrate Judge Susan K. Lee." [Court File No. 1, Complaint for Violation of Civil Rights, p. 3]. Apparently, plaintiffs are referring to *William M. Howard, et al. v. Lincoln County Jail, et al.*, Civil Action No. 4:09-cv-08 (E.D. Tenn.), in which three inmates at the Lincoln County Jail alleged their health was endangered by exposure to another inmate with tuberculosis.

This court is aware that plaintiffs are proceeding *pro se* and are unfamiliar with the intricacies of the legal system. They must nonetheless comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, in order to state a claim under 42 U.S.C. § 1983, plaintiffs must establish that they were deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Plaintiffs have not set forth any factual allegations which state a claim under § 1983. They have simply referred to another case pending in this court and that is not sufficient to state a claim for which relief may be granted.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiffs have not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds their claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiffs' claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiffs are inmates in the Lincoln County Jail, each is herewith **ASSESSED** his pro rata share of the civil filing fee of $350.00, to-wit $175.00 each. Pursuant to 28 U.S.C. §1915(b)(1)(A) and (B), the custodian of each plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 200 South Jefferson Street, Room 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

3

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until his pro rata share of one hundred seventy-five dollars ($175.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Lincoln County, Tennessee, and the county attorney for Lincoln County, Tennessee, to ensure that the custodian of each plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE